PASSAIC NATIONAL BANK AND TRUST COMPANY, PLAIN-TIFF-APPELLEE, v. KARL KNAPP, DEFENDANT-APPEL-LANT, AND FRANK M. GRISWOLD AND IRA MASTEN-BROOK, DEFENDANTS.

Argued January 21, 1931—Decided January 28, 1932.

Before Justices CASE, DALY and DONGES.

For the defendant-appellant, Karl Knapp, *Spindel & Berr.*

For the plaintiff-appellee, *Feder & Rinzler.*

PER CURIAM.

Action was brought in the Passaic District Court to recover upon a promissory note, of which the defendant Griswold was maker, payee and endorser, and defendants Mastenbrook and Knapp were endorsers. Defendant Griswold was not served with summons and judgment was entered against de-

fendants Knapp and Mastenbrook. An appeal was taken by the defendant Knapp and the judgment was reversed as to Knapp (*Passaic National Bank, &c.,* v. *Griswold,* 8 *N. J. Mis. R.* 262; 149 *Atl. Rep.* 629), wherein the court said: "It appears that the notice was not sent to the post office nearest to the endorser's residence or to the post office wherein he was accustomed to receive his letters, or where he conducted his business, nor to the place where he was sojourning, as required under section 108 of the Negotiable Instruments law. Nor does it appear that the notary exercised any diligence whatever in attempting to learn the endorser's address. He made no inquiry of the maker, the officials of the bank, or any one else whether connected with the transaction or not, so that notice of dishonor could not be dispensed with under section 112 of the Negotiable Instruments act." The case was thereupon remitted to the Passaic District Court. The *remittitur,* in part, reads as follows: "It is thereupon ordered that the judgment of the said District Court be in all things reversed in so far as the same pertains to defendant-appellant, Karl Knapp, set aside and for nothing holden, costs of appeal to this court to be taxed, and the records and proceedings be remitted to the said Passaic District Court to be proceeded with in accordance with this judgment, and the practice of said court."

The plaintiff then moved the case for trial against defendant Knapp in the Passaic District Court without issuing a new summons. The defendant entered a special appearance, and argued that the court was without jurisdiction again to try the case because of the opinion in this court and the *remittitur.* The court denied the motion to dismiss and again proceeded to trial, resulting again in a judgment against the defendant Knapp.

The plaintiff proved the note, also that it was due and unpaid, had been presented for payment and protested for non-payment; that notice of dishonor had been mailed to defendant Knapp at Passaic, New Jersey, in an envelope with proper postage thereon, and with the return address of the plaintiff, which letter had never been returned to the

sender. The note was due August 13th, 1929, and notice of dishonor was mailed about eleven A. M. on August 14th, 1929. The plaintiff's credit manager, note teller and the secretary of the notary public, who protested the note, testified, but none of these had any knowledge of defendant Knapp's residence, place of business, the post office where he received his mail or where he was sojourning. No inquiry of any kind was shown to have been made to discover where notice of protest could reach Knapp, outside of an inquiry made by the secretary to Perne Pitman, the note teller, and his response was to mail the notice to Knapp in Passaic. Pitman had no knowledge of the residence or place of business of Knapp. While he testified that he knew that Knapp had been in business in Passaic, under the trade name of Passaic Cut Stone Company, ten or twelve years previous, he knew nothing about Knapp's personal or business address since that time; and he admitted that, as far as he knew, Knapp had done no business with the bank during his, Pitman's, connection with the bank—eleven years. "Notice of dishonor is dispensed with when, after the exercise of reasonable diligence, it cannot be given to or does not reach the parties sought to be charged." Paragraph 112, Negotiable Instruments act. But, as said in the previous opinion in this court, and as it must be said upon the basis of the evidence presented at the second trial, it does not "appear that the notary exercised any diligence whatever in attempting to learn the endorser's address."

The maker Griswold testified for the plaintiff and it appeared from his testimony that he knew Knapp's address; which was Clifton, New Jersey. No inquiry was made of him by the notary. No city directory or telephone directory was inspected which would have disclosed the address. Griswold testified Knapp had a telephone. Griswold and his wife testified for the plaintiff, and they said Griswold sent a telegram to Knapp the same day he received the notice of dishonor from the plaintiff which they testified was the day after the note was due. Grisswold could not tell what was stated in the telegram. Mrs. Griswold also said that she visited

Knapp one to four days after the telegram was sent and Knapp showed her the telegram. Of what avail this to the plaintiff? Paragraph 90 of the Negòtiable Instruments act provides, with respect to notice of dishonor: "The notice may be given by or on behalf of the holder, or by or on behalf of any party to the instrument who might be compelled to pay it to the holder, and who, upon taking it up would have a right to reimbursement from the party to whom the notice is given." Griswold was not the holder. He had no authority to give notice on behalf of the plaintiff holder. He was the maker of the note and the person primarily obligated to pay the note. Knapp was an endorser. Griswold, the maker, upon taking the note up would have no right of reimbursement from Knapp, the endorser to whom the notice was alleged to have been given by the telegram.

The defendant denied receiving the telegram. He also denied receiving notice of protest. He further testified he had lived in Clifton for seven years, that his place of business was in Clifton and had been for ten years, and that he received his mail through the Clifton post office. The address of Knapp did not appear on the note although the address of Griswold did appear.

No error is found in the court below having retained jurisdiction of the case, after the previous opinion herein and *remittitur,* without new process. While the Supreme Court reversed the judgment in favor of the plaintiff, there was no direction of a verdict in favor of the defendant.

There must be a reversal of the judgment against the defendant Knapp because there is no proof in the case that notice of dishonor was sent either (1) to the post office nearest Knapp's place of residence or the post office where he was accustomed to receive his letters, or (2) to his place of business, or (3) to a place where has was sojourning. Nothing appears in the case to show notice of dishonor was dispensed with by reason of the provisions of paragraph 112 of the statute previously quoted.

The judgment will be reversed.